UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANA P. CORREIA, | : |
| Plaintiff, | : Civil Action No. 22-2266 (JXN) (ESK) |
| v. | : OPINION |
| INACIO M. PINTO, *et al* | : |
| Defendants. | : |

**NEALS**, District Judge:

Currently before the Court is Plaintiff Ana P. Correia's Complaint [ECF No. 1] and application to proceed *in forma pauperis* [ECF No. 1-1]. Based on the information contained in Plaintiff's application to proceed *in forma pauperis*, the Court finds that leave to proceed in this Court without prepayment of fees is authorized, 28 U.S.C. § 1915, and will therefore order the Clerk of the Court to file Plaintiff's Complaint. As the Court grants Plaintiff's application to proceed *in forma pauperis*, the Complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). The Court finds that Plaintiff's Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and will dismiss Plaintiff's Complaint without prejudice to the filing of an amended complaint within thirty (30) days.

I.   **BACKGROUND**

Plaintiff initiated this action on April 19, 2022. Compl, ECF No. 1. Plaintiff's Complaint includes both handwritten and typed sections. As best the Court can construe, Plaintiff

1

commenced this action against her landlord, Inacio M. Pinto and various other Defendants.[1] *See* Compl. at 1, 5.  In her Complaint, Plaintiff alleges that she is being stalked and harassed by various individuals engaged in illegal business.  *Id.* at 2-5.  When prompted to state the relief that she is seeking, Plaintiff claims that she "wants them to go to jail" and that she needs witness protection, among other relief.  *Id.* at 6.

## II.     DISCUSSION

Under Rule 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Each averment in a complaint must likewise be "concise and direct." Fed. R. Civ. P. 8(e)(1).  A district court may dismiss a complaint *sua sponte* for failure to comply with Rule 8.  *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014).  A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995)).

Dismissal is proper, therefore, where a complaint is illegible, incomprehensible, or largely unintelligible.  *See id.*; *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *Stephanatos v. Cohen,* 236 F. App'x 785, 787 (2007).  In dismissing an unintelligible complaint pursuant to Rule 8, however, the Court must provide the party whose pleading is dismissed an opportunity to amend, therefore the appropriate action when faced with an unintelligible complaint is to dismiss the complaint without prejudice to the filing of an amended complaint.  *Ruther*, 556

---

[1] Although Plaintiff names Elizabeth City Hall, RWJ Barnabas, St. Barnabas, Overlook Hospital, Beth Israel Medical Center, Trinitas Medical Center, the Housing Authority as Defendants in her Complaint, the Court notes that there are no claims or allegations explicitly raised against these Defendants.

2

F. App'x at 92; *Moss v. United States*, 329 F. App'x 335, 336 (3d Cir. 2009); *Simmons*, 49 F.3d at 86–87.

As an initial matter, the Court cannot discern the true nature of Plaintiff's claims because there is insufficient detail as to what any particular Defendant's actions were or what a Defendant did that caused Plaintiff harm.  As noted above, Plaintiff named several Defendants in this action, but failed to include any claims or allegations against them.  Moreover, there does not appear to be any federal jurisdiction.  Plaintiff has not asserted any claims or causes of action arising under federal law, nor has Plaintiff alleged that the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  Accordingly, dismissal of Plaintiff's Complaint is warranted under these circumstances.  *Ruther*, 556 F. App'x at 92; *Simmons*, 49 F.3d at 86–87.  The Court will therefore dismiss the Complaint without prejudice.  Plaintiff, however, shall be given leave to amend the Complaint.  *Ruther*, 556 F. App'x at 92; *Moss*, 329 F. App'x at 336; *Simmons*, 49 F.3d at 86–87.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's Complaint shall be filed.  As Plaintiff has failed to provide the necessary short and plain statement required by Rule 8, however, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is given leave to file an amended complaint within **thirty (30) days**.[2]  An appropriate Order accompanies this Opinion.

Date:  May 16, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[2] Should Plaintiff fail to file an Amended Complaint within thirty days, this action will be dismissed with prejudice.